IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIE ELAINE BURNS, : | | |
| Plaintiff, : | 1:18-cv-113 | |
| : | | |
| v. : | Hon. John E. Jones III | |
| : | | |
| EXPERIAN INFORMATION : | | |
| SOLUTIONS, INC. : | | |
| Defendant. : | | |

# MEMORANDUM

### November 26, 2018

Presently pending before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Motion for Summary Judgment, (Doc. 27). For the reasons that follow, we will grant the Motion.

## I. BACKGROUND

The following facts taken from the record have not been disputed.

Plaintiff, Marie Elaine Burns ("Burns"), filed for Chapter 13 bankruptcy in November 2016. (Doc. 28, Ex. B). Burns was unable to make her bankruptcy payments and wanted to re-file for bankruptcy at a more "convenient" time. (*Id.* at Ex. C). As such, she moved for dismissal of her bankruptcy case, which the Bankruptcy Court granted on July 5, 2017. (*Id.* at Ex. D). Thereafter, Experian indicated in Burns's consumer credit file that her bankruptcy had been dismissed.

(*Id.* at Ex. J). Burns admits that the notation in her consumer credit file is accurate. (*Id.*).

Burns initiated this action in the Court of Common Pleas of Dauphin County, Pennsylvania, on November 28, 2017, alleging that Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by failing to show that the bankruptcy was *voluntarily* dismissed in her consumer credit file. (Doc. 1, Ex. 2). On April 8, 2018, with leave of Court, Burns filed an Amended Complaint to correct deficiencies in the original complaint, but the substantive allegations remained the same. (Doc. 11). Experian filed the instant Motion for Summary Judgment on October 11, 2018, (Doc. 27), along with a supporting brief, (Doc. 28). Burns filed a "response"[1] to the Motion on October 28, 2018. (Doc. 29). Experian opted not to file a reply brief, and the time to do so has expired. Thus, the Motion is ripe for our review.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the

---

[1] We would be generous to describe her response as a brief, as it is barely more than two pages in length, cites no case law, and fails to develop any argument.

governing law.  *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence.  *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial.  *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. Civ. P. 56(c)(1).

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a fact finder could draw from them.  *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)).  Still, "the mere existence of

*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

**III. DISCUSSION**

The FCRA provides that, "[i]f any case arising or filed under title 11, United States Code, is withdrawn by the consumer before a final judgment, the consumer reporting agency shall include in the report that such case or filing was withdrawn upon receipt of documentation certifying such withdrawal." 15 U.S.C. § 1681c(d). In her Amended Complaint, Burns alleges that Experian willfully violated the FRCA by not specifying on her credit report that the bankruptcy had been *voluntarily* dismissed and merely marking the bankruptcy as "dismissed." (*See* Doc. 11). In its supporting brief, Experian argues that (1) Burns failed to provide documentation of the withdrawal, (2) marking the bankruptcy as "dismissed" is accurate, (3) there is no requirement under the statute to add the words "voluntary" or "voluntarily," and (4) Burns cannot establish willfulness. (*See* Doc. 28). Burns, in turn, apparently misconstrues Experian's argument as suggesting that Burns's claim fails because the Amended Complaint uses the term "voluntarily dismissed" while the statute uses the term "withdrawn by the consumer." Burns, therefore,

fails to adequately respond to Experian's argument and simply requests leave to file another Amended Complaint.

We find Burns's response sorely lacking. The issue Experian argues, at least in part, is not the difference in word choice between the Amended Complaint and the statute, but whether the statute requires credit reporting agencies to include the terms "voluntary" or "voluntarily" in its notation of bankruptcy dismissals. Thus, we will not entertain a request to further amend the complaint simply to swap one term for another. Such an amendment would serve no purpose other than to waste time and judicial resources.

Moreover, as noted earlier, Burns cites no case law and makes no discernible effort to develop an argument in opposition to Experian's Motion. It is "well-settled" that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Gladysiewski v. Allegheny Energy Service Corp.*, 282 F. App'x 979, 981 (3d Cir. 2008) (quoting *United States v. Jiminez*, 498 F.3d 82, 88 (1st Cir. 2007)). In this case, Burns has essentially waived all arguments she could have made.

The undisputed evidence shows, first, that Burns failed to provide Experian with adequate documentation, as required by § 1681c(d). (*See* Doc. 28, Exs. A, J, F). On this basis alone, Burns's claim fails. However, the evidence also shows that Experian accurately marked the bankruptcy as "dismissed" after Burns

5

"withdrew" her petition. (*See id.* at Ex. J). There is no mechanism within the Bankruptcy Code for a petitioner to unilaterally "withdraw" her petition without action by the bankruptcy court. Even where a Chapter 13 petitioner has an "absolute right" to end her bankruptcy, the court must still enter an order of dismissal. *See In re LeGree*, 285 B.R. 615, 617, n.3 (E.D. Pa. 2002) (citing 11 U.S.C. § 1307(b) ("On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter.")). Thus, any "withdrawal" will take the form of a court-ordered dismissal. Burns cites no authority indicating that the FRCA requires more than the marking of "dismissed" when a bankruptcy has been withdrawn. Indeed, on nearly identical facts, the Southern District of Indiana rejected such an interpretation: "Noting that a bankruptcy case was 'dismissed' on a consumer's credit report is an accurate statement; a petitioner must file a voluntary motion to dismiss, which is granted by the bankruptcy court. . . . The fact that a credit report could be 'more accurate' does not render it inaccurate for purposes of finding liability under § 1681 [of] the FCRA." *Childress v. Experian Information Services, Inc.*, No. 1:12-cv-01529, 2014 WL 3740368, at *6 (S.D. Ind. 2014). We agree with the Southern District of Indiana and will hold likewise here. Without evidence that Experian violated the FCRA, willfully or not, Burns cannot maintain her case.

## IV. CONCLUSION

In accordance with the above discussion, we will grant Experian's Motion for Summary Judgment. (Doc. 27). We will enter a separate order in conformity with this ruling.